**In The United States District Court For The District Of Kansas**

| | |
|---|---|
| Trace Brackney., § <br>     Plaintiffs, § <br>     v. § <br> Daniel T. Gilbert, D.D.S. in his § <br> Personal capacity and § <br> Daniel T Gilbert, D.D.S., PA Family § <br> Dentistry § | Case No. _____ |

## COMPLAINT FOR MALPRACTICE

COMES NOW Plaintiff Trace Brackney ("Trace" or "Plaintiff"), and for his Complaint against the above-named Defendants, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this malpractice action pursuant to 28 U.S.C. §1332, and related Kansas statutory and common law.

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§1332(a)(1) which provide for original jurisdiction in this Court of all suits brought where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

3. This Court has subject-matter jurisdiction over the remaining claims under 28 U.S.C. §1367.

4. This Court has personal jurisdiction over all Defendants because they all reside, work, and are present in this District.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because the events and circumstances alleged occurred in Ellis County, Kansas; and all Defendants reside or worked in these counties.

1

## PARTIES

6. Plaintiff Trace Brackney is an individual who is a resident of Phoenix, Arizona and whose address is 2562 W Avalon Drive, 85017.

7. Defendant Danial T. Gilbert, D.D.S., PA Family Dentistry is a business who is a resident of Hays, KS and whose address is 2707 Vine Street, Suite #3, 67601.

8. At all times relevant, Danial T. Gilbert, D.D.S. was, and upon information and belief currently is, the owner/proprietor of Danial T. Gilbert, D.D.S. PA Family Dentistry. On information and belief, Gilbert lives in Ellis County. Gilbert acted both in his individual capacity and as agent of Danial T. Gilbert, D.D.S., PA Family Dentistry.

## FACTUAL BACKGROUND

9. As set out in more detail below, on or about March 18, 2022, Plaintiff started having severe dental pain. Plaintiff's discomfort was ongoing and extreme, and lasted throughout the weekend, ultimately requiring him to seek dental care.

10. Plaintiff eventually sought medical care at Defendant Danial T. Gilbert, D.D.S., P.A. Family Dentistry.

11. On March 21, 2022 Plaintiff had his first appointment with Defendant Danial T. Gilbert, D.D.S.

12. Defendant Gilbert conducted an initial examination of Plaintiff's mouth. According to the Defendant, based on a "cold test," Plaintiff had sensitive teeth which required immediate attention.

13. Based on his diagnosis, Defendant, using dental surgical equipment, "opened up" the middle two of Plaintiff's bottom row of teeth. Said action constituted the drilling of the two teeth and placement of temporary fillings.

14. Defendant also gave Plaintiff antibiotics in order to help treat his diagnosed issue. Plaintiff received no pain medication.

15. As of March 24, 2022, Plaintiff's pain and swelling were not abiding. Indeed, Defendant's treatment was unsuccessful in abating Plaintiff's pain and swelling. Thus, Plaintiff returned to Defendant's practice to seek additional medical treatment.

16. At the time Plaintiff returned to Defendant's practice, Plaintiff's face showed significant swelling and signs of distress.

17. Once again, Defendant proceeded to drill on Plaintiff's teeth in an attempt to reduce the swelling and pain in Plaintiff's mouth. As was the case with the first procedure, Defendant's treatment failed to adequately address Plaintiff's issues.

18. Finally, on April 4, Plaintiff returned to Defendant for the third and final time. Defendant again drilled on Plaintiff's teeth. Defendant provided an antibiotic only after Plaintiff noted his distress, and again his pain went untreated. This was consistent with prior treatment that had failed to be successful. And yet again, this treatment failed provide an adequate remedy.

19. Still suffering, Plaintiff ultimately moved to Arizona, where he was able to find a different Dentist to secure treatment.

20. Upon receiving an evaluation at a Dentist in Arizona, Plaintiff was informed a foreign instrument from his prior treatment had been left in his teeth. This was visible from x-rays, and the treating Dentist made a note in Plaintiff's record.

21. The treating Dentist sent him to an oral specialist who again review Plaintiff's situation and advised him the only course of treatment at that time would be to have the teeth pulled.

22. Plaintiff returned to the Dentist who discovered the instrument left behind by Defendant who ultimately pulled the teeth.

23. The foreign object remains in the teeth subsequent to having them pulled.

## COUNT I:
## NEGLIGENCE

24. The allegations in the above paragraphs are incorporated by reference.

25. A Dentist-patient relationship existed between the Plaintiff and Defendant.

26. Upon commencement of treatment, Defendant owned a duty of care to Plaintiff.

27. Defendant performed several treatments on Plaintiff.

28. Those treatments proved to be unsuccessful.

29. Plaintiff received no other care from any other dental professionals of the kind provided by Defendant prior to his successful treatment in Arizona which discovered Defendant's instrument left in Plaintiff's mouth.

30. Defendant was negligent in the treatment if Plaintiff's dental pain.

31. Defendant was negligent in leaving instruments in Plaintiff's teeth during treatment.

32. Failure to remove the drill bit necessitated Plaintiff seeking alternative care, and ultimately led to the removal of two of his teeth.

33. Plaintiff has ongoing pain and suffering as a result of the treatment by the Defendant.

34. Plaintiff has been forced to receive several subsequent treatments in order to attempt to redress the situation.

35. Upon information and belief, the foreign object left in Plaintiff's teeth is of the same like kind and nature as those used by the Defendant in his dental practice.

36. As a result of Defendant's negligence Plaintiff was required to seek alternative treatment. Based on the foregoing, Plaintiff seeks actual damages in the amount of approximately $7,000.00 including missed work time, dental costs, costs to Defendant, antibiotics, specialist treatment, and other relevant actual costs.

37. Plaintiff is further seeking general damages in the amount allowed by statute.

38. As a result of Defendant's negligence, Plaintiff has had ongoing pain, suffering and difficult related to the removal and subsequent treatment of his teeth and jaw.

39. Due to the ongoing discomfort, pain, and difficulty Plaintiff has been subjected to stress, loss of enjoyment and reduced quality of life, and will be subjected to future medical costs.

40. For general damages, special damages, and additional damages in amount to be determined at trial, but in no event less than $350,000.

## COUNT II
## MALPRACTICE

41. The allegations in the above paragraphs are incorporated by reference.

42. The Defendant had a duty, in his capacity as a medical professional, to provide adequate treatment to the Defendant.

43. Defendant is obligated under Kansas law to provide treatment in the manner that meets the professional and ethical standards required of a professional Dentist.

44. Defendant failed to meet that standard.

45. Defendant's action in leaving medical equipment and failing to provide adequate treatment to the Plaintiff constituted a breach of duty and violation of Defendant's professional obligations and responsibilities.

46. Defendant's actions were the direct cause of Plaintiff's injury and ongoing pain and suffering.

47. Due to Defendant's breach of care Plaintiff has be injured including permanent ongoing injury, physical and mental discomfort.

## COUNT III:
## RES IPSA LOQUITOR

48. The allegations in the above paragraphs are incorporated by reference.

49. Defendant Gilbert is professionally licensed as a Dentist in the state of Kansas.

50. Defendant Gilbert was the treating Dentist on each of Plaintiff's three visits.

51. Upon information and belief, no other Dental professional utilized the tools of the same like kind and nature that were used in the process of drilling on Plaintiff's teeth.

52. Plaintiff received no other dental care other than that of the Defendant prior to discovery of the foreign objects left in Plaintiff's teeth and subsequent removal.

## COUNT IV:
## EMOTIONAL DISTRESS

53. The allegations in the above paragraphs are incorporated by reference.

54. Due to Defendant's conduct, Plaintiff has suffered significant and severe emotional distress.

55. Plaintiff has been subjected to various issues such as inability to sleep, eat, or conduct normal activities.

56. Said distress has resulted in a reduction in Plaintiff's emotional wellbeing and enjoyment and quality of life.

57. Plaintiff's injuries are ongoing and determinantal. Plaintiff anticipates requiring future treatment in the future.

58. Plaintiff has permanent damage from Defendant's negligence in treatment.

59. Plaintiff's has damage to his jaw and will need to purchase replacement teeth in the future.

60. Plaintiff has suffered social harm due to his injuries. Plaintiff is unable to eat properly, or at all in some instances.

61. Plaintiff will likely be required to have facial surgery in the future stemming from the infection, which was not adequately treated by Defendant.

62. Plaintiff continues to be impacted by Defendant's actions, causing ongoing distress.

WHEREFORE, Plaintiff prays against Defendants for the following judgments:

63. For general damages, special damages, and additional damages in amount to be determined at trial, but in no event less than $350,000.

64. For actual damages in the $7,000.00

65. For punitive damages as allowed by law.

66. For statutory damages as described above.

67. For attorneys' fees pursuant as allowed under Kansas law, and any other appropriate statute.

68. For costs of this action.

69. For such other relief as the court may deem just and proper.

## PLACE OF TRIAL

70. In accord with Local Rule 40.2(a), Plaintiffs hereby designate Kansas City, Kansas as the place of trial in this matter.

## JURY DEMAND.

71. Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**/s/Christopher J. McGowne**
Christopher J. McGowne, #29056
MCGOWNE LAW OFFICES, P.A.
P.O. Box 1659
Hays, Kansas 67601
(720) 878-7688
cjmcgowne@gmail.com

**/s/ Craig L. Uhrich**
Craig L. Uhrich, #20618
UHRICH LAW FIRM P.A.
222 Center Avenue
Oakley, KS 67748
(785) 671-1237
craig.uhrich@gmail.com

Attorney for Plaintiffs

9